IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) ) ) | CIVIL ACTION NO. 1:22-cv-00887 <br><br> **COMPLAINT** |
| SAFELITE FULFILLMENT, INC. D/B/A SAFELITE AUTOGLASS, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Jessica Callen ("Callen"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Safelite Fulfillment, Inc. d/b/a Safelite AutoGlass ("Defendant") failed or refused to hire Callen because of her sex (female) in violation of Title VII.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Texas Foreign For-Profit corporation doing business in the State of Texas and the City of Austin and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jessica Callen filed a Charge of Discrimination ("Charge") with the Commission alleging violations of Title VII by Defendant.

7. On February 10, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or about June 21, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August of 2019, Defendant has engaged in unlawful employment practices at one of its Austin, Texas facilities, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Callen when it failed to hire her because of her sex.

13. On or around August 9, 2019, Jessica Callen, a woman, applied for the position of Auto Glass Technician Trainee ("Technician Trainee") at one of Defendant's locations in Austin, Texas.

14. At the time Callen applied for the Technician Trainee position, she had approximately two years of experience as an Outside Service Technician at another retailer, where she was frequently required to lift heavy objects.

15. On or around November 11, 2019, Callen was interviewed by Store Manager Susan Franco ("Franco") and Quality Manager Paul Whitman. During this interview, Franco asked Callen if she had experience lifting heavy objects. Callen responded that she had two years of experience as a repair technician, which required her to lift and move heavy furniture. Callen was then asked to step out of the interview room.

16. When Callen returned to the interview room, Franco told her she did not think

Callen would be able to handle the Technician Trainee job. Franco told Callen she thought Callen would be better able to handle the Seasonal Repair Specialist position because it involved lifting less weight than the Technician Trainee position.

17. During the job interview, Franco told Callen that the company did not typically hire women.

18. At the end of the interview, Franco said she wanted to offer Callen the Seasonal Repair Specialist position. The Seasonal Repair Specialist job paid approximately $2.50 less per hour than the Technician Trainee position for which Callen had applied.

19. Callen was not given a written job offer, or any information about when she might start work.

20. In or around December 2019, Callen contacted Defendant about the Seasonal Repair Specialist job because she had not heard from the company since her interview. The person Callen spoke with informed Callen that she would check on her status, but Callen never received any further communication from Defendant.

21. In or around November 2019, within approximately one week of Callen's interview for the Technician Trainee position, Defendant hired two male Technician Trainees to work in its Austin locations.

22. Callen had approximately the same amount of experience as one of the male Technician Trainees hired, and more experience than the second male Technician Trainee hired.

23. For the period from February 2018 to February 2021, Defendant has employed approximately 46 individuals in the role of Tech Trainee at its Austin locations. None of those Tech Trainees have been female.

24. Defendant's decision not to hire Callen was based on her sex, female.

25. The effect of the practices complained of in paragraphs 12-24 above has been to deprive Callen of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment, because of her sex (female).

26. The unlawful employment practices complained of in paragraphs 12-24 above were intentional.

27. The unlawful employment practices complained of in in paragraphs 12-24 above were done with malice or with reckless indifference to the federally protected rights of Callen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to women, or engaging in any employment practice that discriminates against employees and applicants for employment due to their sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Jessica Callen, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement;

D. Order Defendant to make whole Callen, who was adversely affected by Defendant's discriminatory conduct, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-24 above, in

an amount to be determined at trial;

E.  Order Defendant to make whole Callen, who was adversely affected by Defendant's discriminatory conduct, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 12-24 above, including, but not limited to damages for humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in an amount to be determined at trial;

F.  Order Defendant to pay Callen punitive damages for its malicious and/or reckless conduct described in paragraphs 12-24 above, in an amount to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This the 2nd day of September 2022.

    Respectfully submitted,

    GWENDOLYN Y. REAMS
    Acting General Counsel

    CHRISTOPHER LAGE
    Deputy General Counsel

    ROBERT A. CANINO
    Regional Attorney
    Oklahoma State Bar No. 011782

    MEAGHAN L. KUELBS
    Supervisory Trial Attorney
    Texas Bar No. 24105277
    E-mail: meaghan.kuelbs@eeoc.gov

/s/ Esha Rajendran
ESHA RAJENDRAN
Trial Attorney
Texas State Bar No. 24105968
E-mail: esha.rajendran@eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7574
Facsimile: (210) 281-7669